PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMEKA DOMINIC OKONGWU,

      Plaintiff,

  -v-                                     14-CV-0832WMS
                                                 ORDER

COUNTY OF ERIE et al.,

      Defendants.
_____

## Introduction

Plaintiff, Emeka Dominic Okongwu, proceeding *pro se*, seeks relief under 42 U.S.C. § 1983.  Plaintiff has filed an Amended Complaint (Docket No. 6), which is now the operative pleading, and has moved for the issuance of a Summons (Docket Nos. 10 & 11).  Plaintiff alleges that he was wrongfully charged and convicted in Supreme Court, Erie County, of sexually abusing his twin daughters and that as a result he was falsely imprisoned for nearly nineteen years, as more particularly stated in his Amended Complaint.  For the reasons discussed below, Plaintiff's claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files a second amended complaint as directed.

## Discussion

Plaintiff was previously granted permission to proceed *in forma pauperis*. (Docket No. 3).  Section 1915(e)(2)(B) of 28 U.S.C. therefore requires the Court to conduct an initial screening of this Amended Complaint.  In evaluating the Amended Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003)

(per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).   While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.   *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).   "Specific facts are not necessary," and the Plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly* - "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").   Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam*)).

   Plaintiff brings this action pursuant to 42 U.S.C. § 1983.   "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).   Based on its evaluation of the Amended

Complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files a second amended complaint as directed below.

**Plaintiff's Allegations**

Plaintiff states that in 1978, aged 28, he moved to the United States from Nigeria on a student visa.  He completed his studies and received his undergraduate degree in either 1982 or 1983, and a Master of Business Administration in 1984.  By 1983 Doris Agbala had also moved to the United States.  Plaintiff states that he and Ms. Agbala had "formed a traditional Nigerian marriage" prior to her departure for America, but that the union was not recognized under the laws of New York state.  In 1984, the couple had twin daughters, born prematurely.  In 1986, Ms. Agbala returned to Nigeria due to ill health, leaving Plaintiff with sole custody of the two girls.  Plaintiff states that he relied heavily on friends to care for the children.

In 1988, a complaint was lodged against Plaintiff in Family Court, alleging that he had sexually abused the two children.  Plaintiff states that he was cleared of these accusations, but found "negligent" by Family Court.  Presumably, Plaintiff refers to a finding of Neglect, as he indicates that he "enjoyed regular visitations with his children who remained under the custody and care of foster guardian[s]" until his arrest on September 18, 1992 (Docket No. 6 p. 18).  Plaintiff alleges that his daughters were coerced into testifying that he sexually abused them, that they were promised a trip to Disney World if they cooperated, and threatened with deportation to rural Nigeria if they did not.  On February 1, 1994, Plaintiff was convicted of 68 counts of sexual abuse and related charges, and sentenced to an aggregate term of thirty-five and two thirds to one-hundred and seven years in prison.  Plaintiff states that he was incarcerated for

eighteen years, eleven months and twenty-seven days until finally released in December of 2011.

**Heck v Humphrey**

Before Plaintiff may proceed with his claim, he must establish that the prosecution ended favorably to him:

> One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.  This requirement avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.

*Heck v. Humphrey*, 512 US 477, 484 (1994) (citations and quotation marks omitted). Under *Heck*, "to recover damages for allegedly unconstitutional conviction or imprisonment" a § 1983 plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.  The Court infers, from Plaintiff's claim his imprisonment ended with his "judicially compelled release" (Docket No. 6 p. 7), that his criminal conviction was overturned, but the Amended Complaint makes no statement regarding the final outcome of the prosecution and therefore does not meet that requirement.  Plaintiff will be permitted to amend further to explicitly state the final outcome of the prosecution against him in his amended complaint, and thereby meet the requirements of *Heck*.

**Personal Involvement of Defendants**

In the case of an individual defendant, a plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).   Plaintiff has alleged personal involvement of Defendants McNair, Henry, and Lazoritz, who Plaintiff claims are guilty of providing false testimony. With the exception of these Defendants, Plaintiff's allegations against all other individual Defendants take the form of conclusory statements that, based upon information and belief, Plaintiff believes that there was a conspiracy of all Defendants to procure his conviction, motivated by *inter alia,* the desire to conduct scientific and medical experiments on twins born prematurely, or to adversely impact Plaintiff's employment opportunities and ability to enter into contracts.

The Federal Rules of Civil Procedure provide that:

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Federal Rules of Civil Procedure 8(a).   The Amended Complaint submitted by the Plaintiff does not comply with these rules.   In this regard, the Court of Appeals for the Second Circuit has said:

> The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.   Fair notice is that which will enable the adverse party

5

> to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.

*Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (citations omitted).

Therefore, as to each defendant, a complaint must provide the party with fair notice of the allegations against that party. General statements that all of the Defendants collectively conspired to violate the Plaintiff's constitutional rights do not comply with the requirements of either Rule 8(a) or 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims are thus subject to dismissal. However, Plaintiff will be offered an opportunity to file a second amended complaint in which the necessary allegations regarding the personal involvement of Defendants are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a)(2) ("court should freely give leave when justice so requires"). Plaintiff may amend further to set forth allegations which would establish the personal involvement of Defendants in the constitutional deprivation(s) attributed to each so that the Defendants may answer the Complaint.

**County of Erie and City of Buffalo**

While Plaintiff has named the Erie County District Attorney's Office, Erie County Sheriff's Office, and the Erie County Department of Social Services as Defendants to this action, the real party in interest is Erie County. The Court would ordinarily substitute Erie County in place of these named Defendants. *St. John Rennalls v. County of Westchester*, 159 F.R.D. 418, 419 n. 1 (S.D.N.Y.1994) (substituting the real

party in interest, the County of Westchester, for the originally named defendant, Westchester County Jail).    However, Plaintiff has also named Erie County as a Defendant.   Therefore, the Court will terminate as Defendants the Erie County District Attorney's Office, the Erie County Sheriff's Office, and the Erie County Department of Social Services, and direct Plaintiff to address his claims against Erie County.   Likewise, Plaintiff has named both the City of Buffalo and the City of Buffalo Police Department as Defendants.   For the same reasons, the Court will terminate the City of Buffalo Police Department as Defendant, and direct Plaintiff to address his claims against the City of Buffalo.

Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, local governments such as Erie County or the City of Buffalo may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom.   *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).    Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory.   *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694.   To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements:  (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.   *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

7

To plead a *Monell* claim, a plaintiff must allege the existence of a formal policy which is officially endorsed by the municipality, or a practice so persistent and widespread that it constitutes a custom or usage of which supervisory authorities must have been aware, or that a municipal custom, policy, or usage can be inferred from evidence of deliberate indifference of supervisory officials to such abuses. *See, e.g.*, *Jones v. Town of East Haven*, 691 F.3d 72, 80–81 (2d Cir. 2012).  Here, Plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of either the County of Erie or the City of Buffalo, and thus Plaintiff has failed to state a § 1983 claim against these Defendants. Plaintiff's claims against Defendants County of Erie and the City of Buffalo are thus subject to dismissal with prejudice.  However, the Court will permit Plaintiff to file a second amended complaint in which the necessary allegations regarding this issue are included.

**Claims Regarding Conduct During Plaintiff's Imprisonment**

Plaintiff names as Defendants the State of New York, and the New York State Department of Corrections and Community Supervision.  The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984).  It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989).  The Eleventh Amendment bar extends to agencies and officials sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff may therefore sue these Defendants only if they consent to be sued. *Pennhurst*, 465 U.S. 89 at 199-201.   Since neither has consented, the Eleventh Amendment bars the Plaintiff's suit against them.   Plaintiff's claims against New York State and the New York State Department of Corrections and Community Supervision are therefore dismissed with prejudice.

To the extent that Plaintiff seeks to raise distinct claims regarding his treatment while confined, as against Defendants Leary and John Does 21-30 of the Erie County Holding Center, and John Does 41-50 of the Department of Corrections and Community Supervision, Plaintiff must bring these claims against the individuals responsible for any constitutional violations which may have taken place by setting forth allegations specifying the nature of the claims against each individual as directed above.

**Other Claims Brought Against State Agencies**

Plaintiff has also named as Defendants two other agencies of New York State, the New York State Office of Children and Family Services, identified as "a division and agent of defendant New York State", and the Jacob's School of Medicine and Biomedical Sciences, State University of New York at Buffalo.   Plaintiff's claims against these Defendants as agencies of the state of New York are dismissed for the reasons stated above.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

**HIPAA CLAIMS**

Plaintiff sets forth allegations that Defendants "individually and in the aggregate" transmitted Plaintiff's and his children's medical records without authorization.   Plaintiff thus appears to make claims under Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered

sections of 42 U.S.C.).   However, Courts have found no private right of action under

HIPAA.  *Mele v. Hill Health Ctr.*, 609 F. Supp. 2d 248, 254 (D. Conn. 2009).   HIPAA

regulates the privacy of medical records, and "enforcement of HIPAA is reserved

exclusively to the Secretary of Health and Human Services."  *Rzayeva v. United States*,

492 F Supp 2d 60, 83 (D. Conn. 2007); 42 U.S.C. §§ 1320d-5, d-6.  To the extent that

Plaintiff has made claims under HIPAA, they are therefore dismissed with prejudice.

**Racketeering**

Plaintiff has further made claims that under the Racketeer Influenced and Corrupt

Organizations Act ("RICO") U.S.C. § 1961 et seq., alleging that Defendants engaged in

a conspiracy involving "enterprises that affect interstate commerce".    A plaintiff's

conclusory allegation of a violation, without more, fails to state a claim upon which relief

may be granted.  *See e.g. Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).  Plaintiff's

claims that Defendants engaged in acts in violation of 18 U.S.C. § 1962 fail to set forth

any allegations of activities which would meet the definition of "racketeering activity"

enumerated in 18 U.S.C. § 1961(1) or otherwise satisfy the requirements of a RICO

claim.

> For a plaintiff to adequately plead a claim of Racketeering:
>
> First, he must allege that the defendant has violated the substantive RICO
> statute, 18 U.S.C. § 1962 (1976), commonly known as "criminal RICO."  In
> so doing, he must allege the existence of seven constituent elements:  (1)
> that the defendant (2) through the commission of two or more acts (3)
> constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly
> invests in, or maintains an interest in, or participates in (6) an "enterprise"
> (7) the activities of which affect interstate or foreign commerce.

*Moss v Morgan Stanley Inc.*, 719 F2d 5, 17 (2d Cir 1983) (citation omitted).  Plaintiff's

conclusory allegations do not meet even this preliminary requirement.    Plaintiff's

racketeering claims are therefore subject to dismissal. However, Plaintiff will be given an opportunity to set forth allegations which would permit the Court to determine that Defendants have engaged in "racketeering activity" which meets the requirements enumerated above.

**Prosecutorial Immunity**

Prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).

> The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury to initiate a prosecution . . . , activities in deciding not to do so . . . , and conduct of plea bargaining negotiations. . . ."

*Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir. 1986) (citing *Lee v. Willins*, 617 F.2d 320 (2d Cir.), *cert. denied*, 449 U.S. 861 (1980); *Dacey v. Dorsey*, 568 F.2d 275, 278 (2d Cir.), *cert. denied*, 436 U.S. 906 (1978); *Taylor v. Kavanagh*, 640 F.2d 450 (2d Cir. 1981)). As the Second Circuit has observed: "Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is intimately associated with the judicial phase of the criminal process. This immunity attaches to conduct in court, as well as conduct preliminary to the initiation of a prosecution and actions apart from the courtroom." *Giraldo v. Kessler*, 694 F3d 161, 165 (2d Cir 2012) (citations and internal quotation marks omitted). Plaintiff's claims against Defendants Dillion, Bridge, Cooper, and John Does 1-10 are therefore subject to dismissal as barred by prosecutorial immunity. To proceed, Plaintiff's second amended complaint must set forth allegations of constitutional violations which occurred *outside* of "advocatory conduct that is intimately associated with the judicial phase of the criminal process".

**CONCLUSION**

For the reasons set forth above, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files a second amended complaint by **November 15, 2016** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Because this action is not going forward unless Plaintiff files an amended complaint as directed, his motions for a Summons are denied without prejudice.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978*); see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's second amended complaint must include all of the allegations against each of the Defendants so that the second amended complaint may stand alone as the sole Complaint in this action which the Defendants must answer.

**ORDER**

IT HEREBY IS ORDERED, that Plaintiff's motions for a Summons are denied;

FURTHER, the Clerk of Court is directed to terminate as Defendants the Erie County District Attorney's Office, the Erie County Sheriff's Office, the Erie County Department of Social Services, and the City of Buffalo Police Department;

FURTHER, that because the documents identify the victims of sex offenses, the Clerk of Court is directed to restrict access to the Complaint and Amended Complaint (Docket Nos. 1 and 6) to court users and the parties only;

12

FURTHER, that Plaintiff is granted leave to file a second amended complaint only as directed above by **November 15, 2016**;

FURTHER, that if Plaintiff does not file a second amended complaint as directed above, that the Amended Complaint is dismissed with prejudice;

FURTHER, that in the event the Amended Complaint is dismissed because Plaintiff has failed to file a second amended complaint, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that in the event the Amended Complaint is dismissed because Plaintiff has failed to file a second amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).   Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

<u>/s/William M. Skretny</u>
William M. Skretny
United States District Judge

DATED:     September 7, 2016
           Buffalo, NY

13