UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMEKA DOMINIC OKONGWU,

                Plaintiff,

v.

COUNTY OF ERIE,

                Defendant.

**DECISION AND ORDER**
14-CV-832S

## I.    INTRODUCTION

Plaintiff Emeka Dominic Okongwu, proceeding *pro se*, commenced this action on October 8, 2014, asserting claims under 42 U.S.C. § 1983. Presently before this Court is Defendant County of Erie's motion to dismiss the claim against it. (Docket No. 18.) For the following reasons, the motion is denied.

## II.    BACKGROUND

Plaintiff states that he and Doris Agbala had twin daughters in 1984, and that he became the sole caretaker of the two girls when she returned to her home country of Nigeria due to health concerns. (Docket No. 13 (the "Second Amended Complaint") at 4.) Plaintiff was accused of sexually abusing his daughters in a Family Court proceeding in 1988. (Id. at 5.) Plaintiff alleges that he was cleared, but due to a finding of "negligence" the girls were placed in foster care and he was granted regular visitation. (Id.) The girls' foster mother made new allegations of sexual abuse based on statements that she claimed the girls had made to her. (Id. at 6) Plaintiff was indicted, "along with two other individuals, with a slew of criminal conducts, including but not limited to multiple counts of sexual abuse[ ] of his own twin daughters" in 1994, and later convicted. (Id.) That

1

conviction was reversed in 2010, but Plaintiff remained incarcerated until December 2011, when the state determined that he would not be retried. Plaintiff states that "[h]is arrest and conviction record have also been expunged." (Id.)

Plaintiff alleges that Sheriff Howard failed to properly investigate the allegations against him. (Id. at 8.) Plaintiff further alleges that the Sheriff was deliberately indifferent and, as a result, "falsely arrested, maliciously prosecuted and falsely imprisoned" Plaintiff. (Id. at 9.) Plaintiff likewise accuses then Erie County District Attorney Sedita and Assistant District Attorneys Cooper and Bridge of coercing and coaching his daughters. (Id.)

After this Court's screening of the Second Amended Complaint (the "Screening Order"), it dismissed all Defendants except the County of Erie pursuant to 28 U.S.C. § 1915. See Okongwu v. Cty. of Erie, No. 14-CV-832WMS, 2017 WL 2686454, at *7 (W.D.N.Y. June 22, 2017). This Court determined that, "[r]ead generously, Plaintiff's allegations in the Second Amended Complaint lay blame not only on [Sheriff] Howard, but also on the Erie County Sheriff's Department generally for failure to properly train its employees," and that this failure resulted in the alleged malicious prosecution that could be attributed to the County of Erie. Id.

### III. DISCUSSION

Although framed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), this Court will treat the County's motion as one under Rule 12(b)(6) and analyze the motion under that standard, as no answer has been filed. In any event, in reviewing a Rule 12(c) motion to dismiss, the court "'appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the

complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (quoting Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999)).

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007). In reviewing the complaint, the court accepts as true all allegations of fact, and draws all reasonable inferences from these allegations in favor of the plaintiff. See ATSI Commc'ns. Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). A complaint survives a motion to dismiss if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

"[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). "Specific facts are not necessary," and the Plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93, (2007) (quoting Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted)); see also Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases: "even after Twombly, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases").

The County of Erie makes four arguments for dismissal. First, it contends that

3

Plaintiff's complaint contains only conclusory, insufficient, and vague allegations and thus must be dismissed as a matter of law. However, this Court has already found that Plaintiff's Second Amended Complaint contains sufficient factual allegations to meet the standard set forth in Ashcroft v. Iqbal. See Okongwu, 2017 WL 2686454, at *7. This Court noted in its Screening Order that, in allowing Plaintiff's claim against the County to proceed, it "expresse[d] no opinion as to whether [the claim] can withstand a properly filed motion to dismiss or for summary judgment." Id. at n. 4. However, the County makes no new argument for dismissal and introduces no precedent that would suggest the allegations here are insufficient to meet the 12(b)(6) standard. In light of this Court's obligation to construe the submissions of a pro se litigant liberally and interpret them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quotation omitted), the County's argument is unpersuasive.

Second, the County argues that there is no *respondeat superior* liability as between it and Sheriff Howard or his deputies. Plaintiff's sole claim is made under § 1983, and "[t]he Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)). This Court has found that Plaintiff's allegations, assumed to be true, assert more than *respondeat superior* liability as to the County for the Sheriff's actions, and instead are based on failure to train and/or municipal policy or custom, which has been found to be an appropriate basis for municipal liability under Monell. See Segal v. City of New York,

459 F.3d 207, 219 (2d Cir. 2006). Accordingly, this issue is not in dispute.

Third, the County argues that the hiring, training, supervision and retention of deputies is the sole responsibility of the Erie County Sheriff. The County argues that Plaintiff's claim fails because it "necessarily relies in part on the existence of an employer-employee relationship between the [County] and the Erie County Sheriff or his deputies." (Docket No. 18 at 7.) However, the County cites no precedent suggesting that New York State law or the organizational structure of Erie County and its Sheriff's Department immunizes it from liability for constitutional violations by the Sheriff or his deputies where the Sheriff is not employed by the County. To the contrary, it cites Jeffes v. Barnes, 208 F.3d 49 (2d Cir. 2000), which held that a County can be held liable for the constitutional violations of an elected sheriff where he is the "final policymaking official" with respect to the alleged violations. Id. at 61 (vacating dismissal of § 1983 claim against county arising from alleged constitutional violations by sheriff and his staff). Moreover, there is significant case law supporting this precedent. See, e.g., Leather v. Ten Eyck, 2 F. App'x 145 (2d Cir. 2001) (finding that a county could be sued under § 1983 for sheriff's practices); Dudek v. Nassau Cty. Sheriff's Dep't, 991 F. Supp. 2d 402, 413 (E.D.N.Y. 2013) (same); Lin v. Cty. of Monroe, 66 F. Supp. 3d 341, 351 (W.D.N.Y. 2014) (dismissing claim against county but rejecting county's argument that plaintiff failed to establish Monell liability because the county is not responsible for developing and implementing the policies, procedures, and regulations pertaining to the conduct of its sheriff's deputies).

Finally, the County argues that it is immune from liability for the quasi-judicial acts of the District Attorney and Assistant District Attorneys. This is not in dispute. The

Second Circuit Court of Appeals has unequivocally held that "prosecutorial acts may not fairly be said to represent official policy of the County," because "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." Baez v. Hennessy, 853 F.2d 73 (2d Cir. 1988) (internal quotation omitted); see also Doe v. Smith, 704 F. Supp. 1177, 1184 (S.D.N.Y. 1988). However, Plaintiff's claim here arises from allegedly unconstitutional acts of the Sheriff and his deputies, not from the quasi-judicial acts of the District Attorney and Assistant District Attorneys.

The County has failed to make a persuasive argument for dismissal of Plaintiff's remaining claim. Accordingly, its motion is denied.

## IV.  ORDERS

IT HEREBY IS ORDERED that the County of Erie's motion to dismiss (Docket No. 18) is DENIED;

FURTHER, that the County of Erie is directed to answer the Second Amended Complaint.

SO ORDERED.

Dated: March 18, 2018
Buffalo, New York

/s/William M .Skretny
WILLIAM M. SKRETNY
United States District Judge